**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4492**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNATHAN MITCHELL GOODWIN, a/k/a Blaze,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:17-cr-00164-RJC-DSC-2)

Submitted:  April 25, 2019                                Decided:  April 29, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Richard L. Brown, LAW OFFICES OF RICHARD L. BROWN, JR., Monroe, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnathan Mitchell Goodwin pled guilty to conspiracy to possess with intent to distribute, and possession with intent to distribute, at least 50 grams of methamphetamine, 21 U.S.C. §§ 841(a), (846) (2012), and was sentenced to a total term of 80 months' imprisonment. On appeal, Goodwin's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the reasonableness of Goodwin's sentence. Although advised of his right to file a supplemental pro se brief, Goodwin has not done so. We affirm.

We review Goodwin's sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, we then consider substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* Substantive reasonableness is determined by considering the totality of the circumstances, and if the sentence is within the properly-calculated Guidelines range, this court applies a presumption of reasonableness. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012). We have reviewed the record and find that Goodwin's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Goodwin, in writing, of his right to petition the

2

Supreme Court of the United States for further review. If Goodwin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Goodwin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*